IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANGELITA SANDERS, | |
| Plaintiff, | Civil Action |
| | File No.:      1:11-CV-02759-JOF |
| v. | |
| J.C. PENNEY CORPORATION, INC., | |
| Defendant | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.     **Description of Case:**

(a)     Describe briefly the nature of this action.

This is a premises liability case filed against J.C. Penney Corporation, Inc. ("JCP") for injuries allegedly sustained by Ms. Angelita Sanders ("Ms. Sanders") when a shelf allegedly fell of the wall and struck her person.

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

For the Plaintiff:

On October 1, 2011, Ms. Sanders was shopping at the J.C. Penney store located at the Oglethorpe Mall in Savannah, Georgia.  As Ms. Sanders was shopping,

she reached for a pair of pants located on a wooden shelf.  As she pulled the pants off the shelf, the wooden shelf fell onto Ms. Sanders, striking her hand and head.  As a result, Ms. Sanders sustained physical injuries and damages.

For the Defendant:

Ms. Sanders alleges in the Complaint that she was at a JCP store shopping for a pair of pants when a wooden shelf that was not properly secured to the wall, fell and struck her person.

Ms. Beverly Jackson, employee of JCP, was working at the cashier station at the time of the event but did not see the shelf fall as described by Ms. Sanders.  She heard Ms. Sanders call for help and then turned around and saw Ms. Sanders holding the shelf full of men's pants.  She went to help and called out for assistance from Ms. Carol Hall.  Ms. Jackson took the shelf from Ms. Sanders' hands and laid it down.

Ms. Sanders made complaints of injuries to her head and finger.  She declined medical assistance.

(c)     The legal issues to be tried are as follows:

1. Whether JCP was negligent?

2. Whether JCP had any knowledge of any alleged defect of the shelf in question?

3. Is there any contributory negligence on the part of Ms. Sanders?

4. Whether Ms. Sanders' injury claim is causally related to any of the events which took place at JCP on the day in question?

5. The above are the core issues as the parties see at this point.  This non-exhaustive list may change as the case progresses.

(d)    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases:

None.

(2)    Previously Adjudicated Related Cases:

**2.**    This case is complex because it possesses one or more of the features listed below (please check):

___(1)    Unusually large number of parties

___(2)    Unusually large number of claims or defenses

___(3)    Factual issues are exceptionally complex

___(4)    Greater than normal volume of evidence

_x__(5)    Extended discovery period is needed

___(6)    Problems locating or preserving evidence

_x__(7)    Pending parallel investigations or action by government

___(8)    Multiple use of experts

___(9)      Need for discovery outside United States boundaries

___(10)     Existence of highly technical issues and proof

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:          Brent J. Savage, Esq.
                    Savage, Turner, Kraueter, Pinckney & Madison
                    P.O. Box 10600
                    Savannah, GA 31412


Defendant:          Joshua S. Stein, Esq.
                    Goodman McGuffey Lindsey & Johnson, LLP
                    3340 Peachtree Road NE, Suite 2100
                    Atlanta, GA 30326-1084

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

() Yes     (**X**) No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:

N/A

(b)     The following persons are improperly joined as parties:     **N/A**

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**N/A**

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Rule 15, Federal Rules of Civil Procedure. (Fed. R. Civ. P. 15).   Further instructions regarding amendments are contained in Local Rule 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

None anticipated

(b)      Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.      Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a)      *Motions to Compel***:**  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)      *Summary Judgment Motions***:**  within twenty (20) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

(c)      *Other Limited Motions***:**  Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)      *Motions Objecting to Expert Testimony*:  Daubert motions with regard to expert testimony shall be filed no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.      Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with
Fed. R. Civ. P. 26.   If any party objects that initial disclosures are not appropriate,
state the party and basis for the party's objection.

**N/A**

**9.      Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please
state the issues which could be addressed and the position of each party.

**10.      Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the
first defendant by answer to the complaint.  As stated in Local Rule 26.1A, responses
to initiated discovery must be completed before expiration of the assigned discovery
period.

Cases in this Court are assigned to one of the following three (3) discovery
tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period,
and (c) eight (8)-months discovery period.  A chart showing the assignment of cases
to a discovery track by filing category is contained in Appendix F.  The track to
which a particular case is assigned is also stamped on the complaint and service
copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed.

1.  All material allegations of the Plaintiffs Complaint.

2.  Investigation into what caused the shelf to fall.

3.  Investigation into JCP's knowledge of the alleged defect.

4.  Investigation into what damages, if any, Ms. Sanders sustained in the incident.

5.  Witness accounts of the events surrounding the incident.

6.  Prior claims made by Ms. Sanders.

7.  Georgia Department of Insurance investigation of Ms. Sanders.

8.  Defendant's affirmative defenses.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:

**11.   Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The parties do not, at this time, anticipate the need for any changes to be made under the Federal Rules of Civil Procedure or Local Rules or the imposition of any other limitations.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

JCP anticipates the need to possibly enter into a protective order regarding their proprietary information.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 9, 2011, and that they participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:

Lead counsel (signature):  /s/ Brent J. Savage, Jr.
                                                  Brent J. Savage, Jr.

For Defendant:

Lead counsel (signature):  /s/ Joshua S. Stein
                                                  Enter name of defendant's lead counsel

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___)     A possibility of settlement before discovery.

(_x_)     A possibility of settlement after discovery.

(___)     A possibility of settlement, but a conference with the Judge is needed.

(___)     No possibility of settlement.

(c)     Counsel (_x_) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is 60-90 days.

(d)     The following specific problems have created a hindrance to settlement of this case.

None

## 14.     Trial by Magistrate Judge:

(a)     The parties (__) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 2011.

(b)     The parties (_x_) do not consent to having this case tried before a magistrate judge of this Court.

*[SIGNATURES ON FOLLOWING PAGE]*

Respectfully submitted this 16th day of September, 2011.


/s/ Brent J. Savage

Brent J. Savage, Esq.
Savage, Turner, Kraueter, Pinckney &
Madison
P.O. Box 10600
Savannah, GA 31412
Phone:    (912) 231-1140
Fax:       (912) 232-4212

Brent Jamieson Savage, Jr., Esq.
Savage, Turner, Kraueter, Pinckney &
Madison
P.O. Box 10600
Savannah, GA 31412
Phone:    (912) 231-1140
Fax:       (912) 232-4212

Attorneys for Plaintiff/s

/s/ Joshua S. Stein

Joshua S. Stein
GA State Bar No.:  141925
Email:  jstein@gmlj.com
Edwin L. Hamilton
GA State Bar No. 005780
Email: ehamilton@gmlj.com
GOODMAN MCGUFFEY LINDSEY
& JOHNSON, LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
Phone:  (404) 264-1500
Fax:       (404) 264-1737


Attorneys for Defendant


************

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

      IT IS SO ORDERED, this _____ day of _____, 2011.


_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 5.1B, the undersigned counsel for Defendant J.C. Penney Corporation, Inc. files this Certification of Counsel stating that the foregoing Joint Preliminary Report and Discovery Plan was prepared in Times New Roman, 14 point font.

This 16th day of September, 2011.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for J.C. Penney Corporation, Inc.

By:   /s/ Joshua S. Stein
      JOSHUA S. STEIN
      GA State Bar No.:  141925
      Email:  jstein@gmlj.com
      3340 Peachtree Road NE, Suite 2100
      Atlanta, GA 30326-1084
      Phone:  (404) 264-1500
      Fax:    (404) 264-1737

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANGELITA SANDERS, | |
| Plaintiff, | Civil Action |
| | File No.:      1:11-CV-02759-JOF |
| v. | |
| J.C. PENNEY CORPORATION, INC., | |
| Defendant | |

## CERTIFICATE OF SERVICE

This is to certify that on this date I electronically filed the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Brent J. Savage, Esq.
Brent Jamieson Savage, Jr., Esq.
Savage, Turner, Kraueter, Pinckney & Madison
P.O. Box 10600
Savannah, GA 31412

This 16th day of September, 2011.

By:    /s/ Joshua S. Stein_____
          JOSHUA S. STEIN
          GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
          3340 Peachtree Road NE, Suite 2100
          Atlanta, GA 30326-1084
          Phone:  (404) 264-1500
          Fax:    (404) 264-1737
          Email:  jstein@gmlj.com

Doc ID # 1519313.doc