IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANGELITA SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY CORPORATION, INC.,<br><br>Defendant | Civil Action<br>File No.:   1:11-CV-02759-JOF |

**DEFENDANT'S INITIAL DISCLOSURES**

COMES NOW, J.C. Penney Corporation, Inc., by and through its undersigned counsel, and discloses the following pursuant to Fed.R.Civ.P. 26(a)(1). Defendant is engaged in a continuing investigation of the matters inquired into by the disclosures required under Rule 26(a)(1), and responses to such disclosures are believed to be accurate as of the date made. Defendant reserves the right to supplement these Initial Disclosures as permitted pursuant to Rule 26(e), as discovery progresses and more information becomes available.

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended

summons and complaint reflecting the information furnished in this disclosure response.

**Defendant has been properly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Defendant is currently unaware of any additional necessary parties to the instant litigation. Defendant does not waive, and does hereby reserve the right to move for an order to add additional parties, if during the course of discovery and litigation, additional parties are necessary to this action are discovered.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.

**In her Complaint, Plaintiff asserts she was injured when a shelf fell off of the wall and struck her. Plaintiff has filed suit against Defendant alleging negligence for failure to maintain its shelving in a safe condition.**

**Defendant does not have any reason to believe the shelf simply fell off the wall. The shelf in question had been installed in 2002 or 2003 and Defendant had not encountered any problems of any nature with these shelves prior to the**

**date in question. Defendant believes that Plaintiff cannot recover because Defendant had no knowledge of any alleged defect on their premises or any knowledge of any alleged defect with the shelving system. Defendant believes that Plaintiff was contributorily/comparatively negligent and that her acts/negligence equaled or preponderated over any alleged act of Defendant.**

**Because discovery is just beginning, Defendant reserves the right to amend this disclosure as more information is learned during discovery.**

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Substantively, this case involves Georgia Premises Liability law. O.C.G.A. §51-3-1 is relevant to this case. The following case-law is also relevant:**

**Elements of Premises Liability Claim: <u>American Multi-Cinema, Inc. v. Brown</u>, 285 Ga. 442, 444 (2009); <u>Mairs v. Whole Foods Market Group, Inc.</u>, 303 Ga. App. 638, 639 (2010);**

**Plaintiff's knowledge of the alleged risk: <u>Lake v. Atlanta Landmarks, Inc.</u>, 257 Ga. App. 195, 197, 570 S.E.2d 638 (2002);**

**Plaintiff's duty to exercise ordinary care: <u>McGrew v. S. S. Kresge Co.</u>, 140 Ga. App. 149, 151, 230 S.E.2d 119 (1976);**

**At this stage in the litigation, Defendant may not be aware of all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law that may apply to this action. Defendant reserves the right to supplement, modify, or amend the foregoing as necessary, either by amended response to this disclosure or by disclosure during formal discovery.**

(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

**Defendant reserves the right to supplement this potential witness list. Please see potential witness list, which is attached as Exhibit "A".  Each individual listed in Exhibit A, if called to testify, may/would testify about the shelving system, alleged shelving collapse and/or the investigation of the alleged shelving collapse, and Defendant stores policies and procedures.  Each of the Defendants listed can be contacted through Defendants counsel.**

(6)   Provide the name of any person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence.  For all

experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Defendant has not yet made any election as to what expert witness(es), if any, Defendant intends to use at the trial of this case. Once such an election has been made, Defendant will supplement this response with Attachment "B".**

(7)   Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Defendant retains the right to supplement at a later date. Notwithstanding, see Attachment "C" – Document List.**

(8)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary

material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Defendant is not claiming any damages in this case.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

**None at this time.**

(10) Attach for inspection and copying as under Fed.R.Civ.P.34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnity or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**See Attachment "E".**

This 21st day of September, 2011.

        Respectfully submitted,

        GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
        Attorneys for J.C. Penney Corporation, Inc.

BY:    s/ JOSHUA S. STEIN
        JOSHUA S. STEIN, ESQ.
        GA State Bar No.:  141925
        Email:  jstein@gmlj.com
        3340 Peachtree Road NE, Suite 2100
        Atlanta, GA 30326-1084
        Phone:  (404) 264-1500
        Fax:    (404) 264-1737
        Email:  jstein@gmlj.com

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANGELITA SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY CORPORATION, INC.,<br><br>Defendant | Civil Action<br>File No.: 1:11-CV-02759-JOF |

**CERTIFICATE OF COMPLIANCE**

The foregoing DEFENDANT'S INITIAL DISCLOSURES is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

                                               *s/Joshua S. Stein*
                                               JOSHUA S. STEIN, ESQ.
                                               GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
                                             3340 Peachtree Road NE, Suite 2100
                                             Atlanta, GA 30326-1084
                                             Phone:  (404) 264-1500
                                             Fax:    (404) 264-1737
                                             Email:  jstein@gmlj.com

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| ANGELITA SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY CORPORATION, INC.,<br><br>Defendant | Civil Action<br>File No.:    1:11-CV-02759-JOF |

## CERTIFICATE OF SERVICE

This is to certify that on this date I electronically filed this Certificate of Service for DEFENDANT'S INITIAL DISCLOSURES with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Brent J. Savage, Esq.
bsavage@savagelawfirm.net
Brent Jamieson Savage, Jr., Esq.
lwickline@savagelawfirm.net
Savage, Turner, Kraueter, Pinckney & Madison
P.O. Box 10600
Savannah, GA 31412

I also hereby certify that I have mailed by United States Postal Service to the attorneys listed above the document that is named in this Certificate of Service.

This 21st day of September, 2011

>BY: s/ Joshua S. Stein
> JOSHUA S. STEIN, ESQ.
> GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
> 3340 Peachtree Road NE, Suite 2100
> Atlanta, GA 30326-1084
> Phone: (404) 264-1500
> Fax:   (404) 264-1737
> Email: jstein@gmlj.com

Doc ID# 1496143.doc