IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGELITA SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY CORPORATION, INC.,<br><br>Defendant | Civil Action<br>File No.:   1:11-CV-02759-JOF |

**J.C. PENNEY CORPORATION, INC.'S REPLY TO ANGELITA SANDERS'S RESPONSE TO J.C. PENNEY'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW J.C. Penney Corporation, Inc. ("JCP"), named Defendant herein, and files this Reply to Ms. Sanders's Response to JCP's Motion for Summary Judgment, showing the Court the following:

A.  Beverly Jackson's statement is not binding against JCP.

Ms. Sanders contends that JCP had actual knowledge of the alleged problem with the shelf, relying on the alleged statement of Beverly Jackson. Ms. Sanders focuses on the fact that the alleged statement was made by Ms. Jackson shortly after the incident. Ms. Sanders relies on Waddington v. Stores Mut. Protective Ass'n, 52 Ga. App. 331 (1935) and Quicktrip Corp. v. Childs, 220 Ga. App. 463, 465-66 (1996) for the proposition that Ms. Jackson's statement is admissible and binding

against JCP because it was made in the res gestae of the event. To the extent that these cases are procedural in nature, they are not controlling upon this Court. See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 130 S.Ct. 1431, 1459 (2010) (concurrence). Rather, the federal rules of evidence would control whether the statement is admissible and Georgia agency law would be applied to determine whether the statement is binding upon JCP.

A statement made by a party opponent's employee is admissible and not considered hearsay if the statement was made by the party's employee within the scope of that relationship and while the relationship existed. Fed. R. Evid. 801(d)(2)(C)(D); see Horne v. Turner Const. Co., 136 Fed.Appx. 289, 292 (11th Cir. 2005). Accordingly, before Ms. Jackson's alleged statement is admissible and binding against JCP, Ms. Sanders must show that Ms. Jackson, a customer service associate, had the authority to make this statement. As set forth below, Ms. Sanders has completely failed to show that Ms. Jackson had the authority to make the alleged statement, making summary judgment proper on the actual knowledge prong of Ms. Jackson's premises liability action. See Sutton v. Winn Dixie Stores, Inc., 233 Ga. App. 424 (1998) (statement of employee in front of plaintiff and defendant's manager ["if this floor had been mopped or kept mopped this wouldn't happen."] not binding against defendant) Gordon v. Athens Convalescent Center Inc., 146 Ga.App.

134, 134 (1978) (directed verdict proper in premises case, reasoning that the written statement allegedly made by one of the defendant's employees did not create an issue of fact because there was no showing that the agent had the authority to make the statement).

Here, the Court has to look no further than Ms. Sanders's admissions to confirm that Ms. Jackson did not have the authority to make her alleged statement binding upon JCP. See JCP's Statement of Undisputed Material Facts #5; see Ms. Sanders's Response to JCP's Statement of Undisputed Material Facts. The visual team of JCP was responsible for the hardware in the stores: ex. the merchandise shelves; (See Ex. C to JCP's MSJ, pg. 6, line 12-15); this team is also responsible for installing the shelves. (See Exhibit H to JCP's MSJ, pg. 7, line 22). The visual team was also responsible for going back and periodically checking the stability of the shelves. (See Ex. C to JCP's MSJ, pg. 10, line 14-19).

In response to these undisputed material facts, Ms. Sanders admitted that she was not familiar with JCP's policy, but she admitted that to the best of her understanding, this is the JCP policy. (See Plaintiff's Response to JCP's Statement of Undisputed Material Facts, # 5.) It should be further noted that Ms. Jackson denied making the alleged statement, there has never been a problem with the shelf prior to the incident, and JCP did not know about any problem with the shelf. (See

Ex. C to JCP's MSJ, pg. 10, lines 8-11 & pg. 18, lines 1-4; Ex. G, pg. 13, Ex. F, pg. 14, line 21, & Ex. D, pg. 30, lines 23-25; the Affidavit of Earnestine Hilson is attached to the Memorandum of Law as Exhibit "K").

Accordingly, because Ms. Sanders has failed to establish that Ms. Jackson had the authority to make the statement, and in fact, the undisputed evidence shows that the visual team was responsible for maintaining the stability of the shelves, then Ms. Jackson's alleged statement is not binding upon JCP and should not be considered by this Court on summary judgment.

> B. The Court should not even consider Ms. Sanders's testimony regarding the incident because she provided contradictory testimony

When a witness gives self-contradictory sworn testimony on a material fact, the Court should disregard that testimony when ruling on a motion for a summary judgment. See Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008); Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc., 736 F.2d 656, 659 (11th Cir. 1984).

Here, Ms. Sanders goes to great lengths to explain away the apparent and numerous inconsistencies in her deposition testimony. In a footnote, Ms. Sanders claims that it is natural that she would give inconsistent testimony because she was subjected to a six hour deposition on a simple premises liability claim and contends that her testimony in another case is irrelevant to the issues before this Court.

Despite Ms. Sanders's efforts to explain her numerous inconsistencies in her testimony, the Court should disregard Ms. Sanders's testimony and her explanation of why she gave inconsistent testimony. In a deposition approximately three months prior to her deposition in this case, Ms. Sanders testified that while shopping in a JCP for some pants for her son, a board fell from the ceiling and struck her. (See Exhibit B to JCP's MSJ, pg. 14, lines 4-5,).

Ms. Sanders' inconsistent testimony did not stop after giving her deposition in her legal malpractice case. Throughout Ms. Sanders's testimony in this case, she gave inconsistent testimony. For example, at first, while Ms. Jackson and another associate were helping Ms. Sanders, Ms. Sanders claims that Ms. Jackson seemed "perturbed." (See Ex. A to JCP's MSJ, pg. 115, lines 21-25). Ms. Jackson then stated that she had told "them" about the shelf and that she knew that it was going to happen because the shelf had been missing bolts for a while. (See Ex. A to JCP's MSJ, pg. 116). Later, Ms. Sanders again changed her testimony and stated that Ms. Jackson actually said that "it's not screwed to the wall properly," (See Ex. A to JCP's MSJ, pg. 118, lines 16-18) and that Ms. Jackson did not tell Ms. Sanders that the shelf was missing a bolt. (See Ex. A to JCP's MSJ, pg. 118, lines 23-25).

Accordingly, this Court should disregard Ms. Sanders's testimony, considering Ms. Sanders gave inconsistent and contradictory testimony regarding what happened

on the day of the incident: i.e., compare a board fell from the ceiling to a shelf from a merchandise rack fell; compare the shelf was not screwed to the wall properly to the shelf had been missing bolts for a while.

> C. Even if the Court assumes that Ms. Jackson made the alleged statement, and even if the Court assumes that the statement was made in the scope of Ms. Jackson's employment, JCP still did not have actual knowledge of any alleged hazard because Ms. Jackson's alleged statement is completely irrelevant.

In Ms. Sanders's Response brief, she tries to explain why she gave inconsistent and varied testimony regarding the incident; according to Ms. Sanders, inconsistent and varied testimony is completely natural. Even if the Court assumes that Ms. Jackson made these alleged comments to Ms. Sanders, which it should be noted that Ms. Jackson denied in her deposition that she made the alleged comments, summary judgment is still proper because Ms. Sanders's testimony is completely irrelevant as to whether there was a problem with the shelf and should not be considered by this Court when deciding whether JCP had actual knowledge of any problem with the shelf. Cf. Watts & Colwell Builders, Inc. v. Martin, 313 Ga. App. 1 (2011) (holding that because a maintenance supervisor tightened screws on a different type of hinge on a different style door does not create an issue of fact as to whether the defendant should have discovered a problem with the bathroom stall hinge door, reasoning that it was undisputed that the door fell because the hinge

"sheared off" and not because screws needed tightening), Jones v. Wal-Mart Stores, Inc., 256 Fed. Appx. 292, 294 (11th Cir. 2007) (testimony regarding how the pamphlet rack was secured to the counter after the incident not relevant as to whether defendant had actual or constructive knowledge of the alleged hazard before the incident) Mazur v. Food Giant, Inc., 183 Ga. App. 453 (1987) (testimony of plaintiff's expert that pushcart obstructed plaintiff's view and that the display design drew attention away from floor was irrelevant).

    Ms. Sanders claimed that Ms. Jackson said that the shelf was "not screwed to the wall properly." However, it is undisputed that the shelf is not supposed to be bolted or screwed to the wall. (See Ex. C to JCP's MSJ, pg. 14; Ex. D, pg. 23, line 12; Ex. C, pg. 14; Ex. D, pg. 23, line 13-25). Furthermore, it is undisputed that all of the parts (brackets, vertical support strips, etc.) were present after the incident, the parts were not damaged in any way, and the JCP employees were able to reattach the shelf to the wall without any problems. (See Ex. H to JCP's MSJ, pg. 9, line 18; pg. 18, lines 3-9). Accordingly, Ms. Sanders's testimony regarding the shelf not being properly screwed to the wall is completely irrelevant and does not create an issue of fact as to whether JCP had actual knowledge of a problem with the shelf.

D.  JCP did not have constructive knowledge of any hazard

In order to establish constructive knowledge, Ms. Sanders can either show that a store employee was in the immediate vicinity of the hazard and could have easily seen the hazard and corrected it prior to the fall, or that the hazard remained on the premises long enough that an ordinarily diligent store employee should have discovered the hazard.  Fred's Stores of Tennessee, Inc. v. Davenport, 307 Ga. App. 58, 59 (2010); Food Lion, Inc. v. Walker, 290 Ga. App. 574, 576 (2008).

1. Employee in Immediate Vicinity

Ms. Sanders argues that JCP had constructive knowledge of the hazard because Ms. Jackson was in the immediate vicinity of the shelf and that Ms. Jackson could have corrected the alleged problem with the shelf because she knew about the problem with the shelf.  As set forth above, it is clear that Ms. Sanders's testimony and attempts to create an issue of fact should be disregarded.  Furthermore, this prong of the constructive knowledge test requires 1) an employee to be close to the alleged hazard and 2) be in a position where the employee could have easily seen and corrected the alleged hazard.  See Benefield v. Tominich, 308 Ga. App. 605, 608 (2011) (it is undisputed that plaintiff offered no evidence that one of defendant's employees was in the immediate vicinity because plaintiff acknowledged that the employee was inside the store at the time of the incident); Mucyo v. Publix Super

Markets, Inc., 301 Ga. App. 599, 600 (2009). (internal citation omitted). Merely "[s]howing that an employee was merely working in the immediate area of a [condition] is not enough; the employee must have been in a position to have easily seen the substance and removed it." See Mucyo, 301 Ga. App. at 600. Ms. Sanders attempts to conflate the test for actual knowledge and constructive knowledge by focusing on whether Ms. Jackson had the opportunity to correct the problem. Accordingly, because Ms. Sanders has failed to show that Ms. Jackson could have easily seen and corrected the alleged hazard, then summary judgment is proper.

In this case, even assuming that Ms. Jackson was close to the merchandise shelf, if Ms. Sanders, a career retail employee, could not see any problems with the shelf and she was much closer to the shelf than Ms. Jackson, then it is undisputed that Ms. Jackson could not have easily seen a problem with the shelf and corrected it. (See Exhibit A to JCP's MSJ, pgs. 33-36, pg. 46-47, pg. 50, pg. 53, pg. 55 & 62, lines 1-2;  Exhibit "I" attached to the Memorandum of Law; Ex. A, 73, line 14). Accordingly, summary judgment is proper because Ms. Sanders has failed to show that Ms. Jackson could have easily seen the alleged problem with the shelf.

      2.  Reasonable Inspection Procedure

Likewise, JCP carried out its reasonable inspection procedure, making summary judgment proper on this prong of the constructive knowledge test.

To establish constructive knowledge based on the lack of reasonable care in inspecting the premises, Ms. Sanders must present evidence showing how long the hazard was there; without such proof, it is not possible to determine whether it was reasonable for JCP to discover the hazard. <u>Drew v. Istar Financial, Inc.</u>, 291 Ga. App. 323, 326-27 (2008). Ms. Sanders does not carry this burden unless JCP shows that it had a reasonable inspection procedure and that such inspection procedure was performed. <u>Gibson v. Halpern Enterprises</u>, 288 Ga.App. 790, 792 (2007). JCP only has to exercise ordinary care performing its inspection procedures and policies; JCP is not required to exercise extraordinary care when inspecting the premises. <u>Ferguson v. Premier Homes, Inc</u>., 303 Ga. App. 614, 617 (2010).

In this case, summary judgment is proper because JCP carried out its reasonable inspection procedure and this procedure is reasonable as a matter of law. As set forth in JCP's Memorandum of Law (see section (B)(2)(ii)), the undisputed and uncontradicted testimony shows that JCP regularly inspected the store shelves; the subject shelf was inspected no more than two weeks prior to the alleged incident; store employees were constantly on the lookout for potential problems; and JCP never had any complaints regarding problems with the shelves. (See Ex. C to JCP's MSJ, pg. 10, lines 8-11 & pg. 18, lines 1-4; Ex. G, pg. 13, Ex. F, pg. 14, line 21, &

Ex. D, pg. 30, lines 23-25; the Affidavit of Earnestine Hilson is attached to the Memorandum of Law as Exhibit "K").

Therefore, it is clear that JCP carried out its inspection procedure and this procedure is reasonable as a matter of law. <u>Watts & Colwell Builders, Inc. v. Martin</u>, 313 Ga. App. 1, 7 (Ga. Ct. App. 2011). Accordingly, summary judgment is proper on this prong of the constructive knowledge test.

    E.   There is no evidence that a hazard existed.

Ms. Sanders claims that the second element of a premises liability case, requires the plaintiff to plead and prove that the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control. <u>Am. Multi-Cinema, Inc. v. Brown</u>, 285 Ga. 442 (2009). Ms. Sanders goes on to argue that she exercised ordinary care for her own safety, she lacked knowledge of the alleged hazard with the shelf, and that the shelf was under the control of JCP. Neither of these arguments establishes that a hazard existed on the premises.[1]

A 'hazard' has been defined as a "danger or risk lurking in a situation which by chance or fortuity develops into an active agency of harm." <u>Gresham v. Bell's</u>

---

[1] It appears that these arguments would be more appropriate if JCP had moved for summary judgment based on Ms. Sanders's lack of ordinary care. JCP did not move for summary judgment on this ground, and accordingly, Ms. Sanders's entire argument section should not be considered by this Court.

Food Market, Inc., 244 Ga. App. 240, 241, 534 S.E.2d 537 (2000). In order to prevail, Ms. Sanders must prove that a dangerous condition existed on the premises. See Metts v. Wal-Mart Stores, Inc., 269 Ga. App. 366, 367 (2004). Here, Ms. Sanders has filed to show that a hazardous condition existed on the premises.

For the reasons set forth above regarding contradictory testimony, this Court should not consider Ms. Sanders's testimony regarding how the incident occurred. In Ms. Sanders's deposition for another case, she claimed that a board fell from the ceiling and struck her; in this case, she claimed that a shelf fell from a merchandise shelf and struck her. This testimony is contradictory. Thus, this Court should not consider Ms. Sanders's testimony in opposition to JCP's motion for summary judgment. Without Ms. Sanders's testimony, there is no evidence how the incident occurred and no evidence of a defect on the premises, making summary judgment proper.

Second, summary judgment is also proper because there is no evidence that a hazard existed. There were no problems with the shelf. Ms. Sanders, a veteran retail employee, did not notice any problems with the shelf. Finally, an inspection conducted after the incident showed that the brackets were not damaged in any way and that the vertical strip that supported the shelf was in perfect working order. Accordingly, similar to Metts, there is no evidence that there was a problem with the

shelf; rather, there is only an allegation that a shelf fell without any known cause. Furthermore, similar to Metts, there is no evidence that the shelf was designed or constructed improperly. Accordingly, just how the Georgia Court of Appeals held in Metts, this Court should grant summary judgment to JCP because there is no evidence that a defect existed with the shelf.

## Conclusion

WHEREFORE, JCP moves this Court to grant its motion for summary judgment, having shown that there is no genuine issue of material fact and that JCP is entitled to judgment as a matter of law.

This 20th day of March, 2012.

          Goodman McGuffey Lindsey & Johnson, LLP
          Attorneys for J.C. Penney Corporation, Inc.

  By: *s/ James T. Hankins, III*
     JOSHUA S. STEIN
     GA State Bar No.  141925
     jstein@gmlj.com
     JAMES T. HANKINS, III
     GA State Bar No.  188771
     jhankins@gmlj.com
     3340 Peachtree Road NE, Suite 2100
     Atlanta, GA 30326-1084
     Phone:  (404) 264-1500
     Fax:    (404) 264-1737

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGELITA SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY CORPORATION, INC.,<br><br>Defendant | Civil Action<br>File No.:   1:11-CV-02759-JOF |

## CERTIFICATE OF COMPLIANCE

The foregoing document is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

                                        *S/JAMES T. HANKINS, III*
                                        James T. Hankins, III
                                        Goodman McGuffey Lindsey & Johnson, LLP
                                        3340 Peachtree Road NE, Suite 2100
                                        Atlanta, GA 30326-1084
                                        Phone:  (404) 264-1500
                                        Fax:   (404) 264-1737
                                        Email:  jhankins@gmlj.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGELITA SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY CORPORATION, INC.,<br><br>Defendant | Civil Action<br>File No.:     1:11-CV-02759-JOF |

**CERTIFICATE OF SERVICE**

This is to certify that I electronically filed this with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Brent J. Savage, Esq.
Brent Jamieson Savage, Jr., Esq.
Savage, Turner, Kraueter, Pinckney & Madison
P.O. Box 10600
Savannah, GA 31412

This 20th day of March, 2012.

*s/ James T. Hankins, III*
JAMES T. HANKINS, III
GA State Bar No.  188771
jhankins@gmlj.com
Goodman McGuffey Lindsey & Johnson, LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084

- 15 -